### E. B. HIBBETS v. STATE.

No. A-5767.   Opinion Filed Oct. 16, 1926.
(249 Pac. 973.)

E. V. Rakestraw, for plaintiff in error.

George F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. Appellant, E. B. Hibbets, was convicted on an information charging that in Kiowa county, December 11, 1924, he did "unlawfully and intentionally ferment and possess mash, wort, or wash fit for distillation" of whisky, and was sentenced to pay a fine of $50 and to be confined in the county jail for 30 days. He has appealed, contending that there was not sufficient evidence introduced by the state to justify the court in submitting the case to the jury, and that the court erred in overruling the motion for a directed verdict.

The evidence shows that appellant is a physician, engaged in the general practice in and around Roosevelt for 16 years; that he had a farm about a mile and a half west of Roosevelt leased; that the house was located about the center of the farm, and the barn was in the pasture, about 45 yards from the house; that the cultivated land was in cotton, and the pasture land, including the barn, had been subrented to Dr. Reichert; that the house was vacant for some time prior to the date alleged; that defendant on said date had no livestock on said farm except a few chickens; that he was in the habit of driving out to the farm every few days and of stopping there when passing on professional business to feed and water the chickens.

Monroe Webb testified that he finished picking cotton on the place on Tuesday, December 9th, and weighed the cotton and put it in the house, and was at the barn that evening and there was no mash in the granary at that time.

W. J. Howard testified that he went to the place for a cultivator December 10th, and found some wire

in the granary to fasten the cultivator to his wagon, and there was no mash in the granary at that time.

Sam Cole testified that he had a half interest in the cotton crop, and was at the barn and granary two or three days before the raid, and there was no mash, oil stove, or anything of that kind there.

While it is a rule approved by this court that, where there is any evidence to support a conviction, or where the evidence is conflicting, this court will not review the record for the purpose of ascertaining or determining the weight or sufficiency of the evidence, and, ordinarily the verdict approved by the trial court will be allowed to stand, the evidence relied on by the state was wholly circumstantial. In such cases the facts proven beyond a reasonable doubt must be such as to exclude every reasonable hypothesis inconsistent with the guilt of the defendant. Obviously, the evidence in this case does not meet this requirement. In our opinion, the evidence tending to show possession was insufficient to take to the jury the question of the defendant's possession of the mash found in the granary.

It follows that the court erred in overruling the defendant's motion for a directed verdict. Because the verdict is not sustained by the evidence, the judgment appealed from is reversed.

BESSEY, P. J., and EDWARDS, J., concur.